UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SCOTT TAYLOR, CDCR #BC-7959,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEP'T OF CORRECTIONS; TORRES; JANE DOE NO. 1; JOHN DOE NO. 2; DOES 1-5,<br><br>Defendants. | Case No.: 23-cv-206-MMA (JLB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING DEFENDANT CDCR PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND (3) DIRECTING USMS TO EFFECT SERVICE OF COMPLAINT**<br><br>[Doc. No. 2] |

Plaintiff Matthew Scott Taylor ("Plaintiff" or "Taylor"), proceeding *pro se*, is currently incarcerated at Corcoran State Prison located in Corcoran, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Taylor alleges Defendants violated his Eighth Amendment rights by failing to properly protect him when he was attacked by a fellow inmate. *See id.* at 5–6. Taylor did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

1

## I. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, prisoners remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Taylor submitted a Prison Certificate.  *See* Doc. No. 2 at 3; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  This financial record shows Taylor had an average monthly balance of $441.22, over the past six months, average monthly deposits of $176.66 over the past six months, and an available balance of $253.23 to his credit at the time of filing.  *See* Doc. No. 2 at 3.

Therefore, the Court **GRANTS** Taylor's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $88.24.  In addition, the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

Because Taylor is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.  Plaintiff's Allegations**

On October 5, 2021, a new inmate was moved into Plaintiff's cell. *See* Compl. at 5. Plaintiff's new cellmate purportedly was moved into his cell because he had made "threats of violence to his cellmates in his previous housing unit." *Id*. Two days later, Plaintiff approached Defendant Doe 1, the "assigned counselor during 'open-line' visiting hours" to "alert her of the threats" his new cellmate was making to him and other inmates. *Id*. However, Plaintiff claims she was dismissive of his concerns and made a "shooing gesture with her hands." *Id*. The following day, Plaintiff alleges that his cellmate "made good on his threats" and stabbed Plaintiff multiple times with a "manufactured weapon." *Id*. at 6. Plaintiff "blacked out and awoke in the shower with multiple stab wounds" and was bleeding. *Id*. Plaintiff alleges that Defendant Torres stated to another inmate that he "knew [Plaintiff's cellmate] was a problem." *Id*.

Plaintiff seeks $2,200,000 in compensatory and punitive damages. *See id*. at 13.

//

C.     Discussion

Taylor contends the actions of the defendants violated his Eighth Amendment rights. "The Eighth Amendment requires prison officials to protect inmates from violence." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). In order to state a plausible Eighth Amendment claim for relief, however, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

    1.     CDCR

As an initial matter, Plaintiff's claims against the California Department of Corrections ("CDCR") must be dismissed. The CDCR is not a "person" subject to suit under Section 1983 and it is entitled to immunity from suit for monetary damages under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53–54 (1996); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993)); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 680947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983." (citing *Groten*, 251 F.3d at 851)).

Accordingly, Plaintiff's claims against this Defendant are dismissed sua sponte for failure to state a plausible claim and for seeking monetary relief against an immune

defendant. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

    2.    *Eighth Amendment Failure to Protect Claim*

The Court finds that Plaintiff's allegations are sufficient to plausibly allege an Eighth Amendment failure to protect claim against the remaining Defendants because they show Defendants were "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed],'" and that Defendants actually drew that inference. *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837); *Iqbal*, 556 U.S. at 678. The Court will permit these claims to survive the *sua sponte* screening process. However, Plaintiff is cautioned that the sua sponte screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

Because cognizable Eighth Amendment failure to protect claims against Defendants remain and are "sufficient to meet the low threshold for proceeding past the screening stage," *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), the Court will order the U.S. Marshal to effect service of summons and Plaintiff's Complaint upon those Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## III. CONCLUSION AND ORDER

For the reasons explained, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2);

2.    **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO HIS ACTION;

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by

U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4. **DISMISSES** Plaintiff's claims against Defendant CDCR for failure to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Clerk of Court is directed to terminate this Defendant from the Court's docket.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon the remaining Defendants[2] and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with certified copies of this Order, certified copies of his Complaint (Doc. No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include an address where each Defendant may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form

---

[2] However, Plaintiff must identify the Doe Defendants, *see Farmer*, 511 U.S. at 833, 837, and substitute their true names in an amended pleading before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant"). However, where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

285s, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court. See S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7.   **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

8.   **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service.  See S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  March 16, 2023

HON. MICHAEL M. ANELLO
United States District Judge