1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SCOTT TAYLOR,<br><br>                              Plaintiff,<br><br>v.<br><br>TORRES, et al.,<br><br>                              Defendants. | Case No. 23-cv-206-MMA-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 18] |

On July 13, 2023, Plaintiff Matthew Scott Taylor, a California inmate proceeding *pro se*, initiated this civil rights action against the California Department of Corrections ("CDCR"), Torres, Jane Doe 1, and John Doe 2 pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Complaint").  On March 16, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis and screened Plaintiff's Complaint, dismissing the CDCR from this action.  *See* Doc. No. 7.  In June 2023, Defendant Torres waived service, *see* Doc. No. 9, and thereafter filed an Answer to Plaintiff's Complaint, *see* Doc. No. 14. While "A. Gonzalez" and "G. Buenaventura," the two Doe Defendants, initially waived service, *see* Doc. Nos. 10, 11, they subsequently withdrew their waivers, noting that

Plaintiff had not complied with the Court's Order requiring him to identify the Doe Defendants and substitute their true names in an amended pleading before the United States Marshals Service could affect service, *see* Doc. Nos. 12, 13. Plaintiff now seeks leave to file a first amended complaint to identify Defendant D. Torres and the Doe Defendants as A. Gonzalez and G. Buenaventura. *See* Doc. No. 18 at 2. Plaintiff's motion is unopposed to date.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading, other than as a matter of course, either with the opposing party's written consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), granting leave to amend rests within the trial court's sound discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision[s] on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks omitted). The policy behind the Rule— that courts should freely grant leave to amendment—"is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[S]ince Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

Here, the Court finds good cause to grant Plaintiff leave to file his First Amended Complaint. Accordingly, the Court **GRANTS** Plaintiff's motion and **DIRECTS** the Clerk of Court to file his First Amended Complaint, *see* Doc. No. 18 at 3–14, as a separate entry on the docket as of the date of this Order.

Further, the Court:

1.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint upon the Defendants A. Gonzalez and G. Buenaventura and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In

addition, the Clerk will provide Plaintiff with certified copies of this Order, certified copies of his First Amended Complaint, and the summons so that he may serve the Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include an address where each Defendant may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

2.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the remaining Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285s, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court.  *See* S.D. Cal. CivLR 5.2.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

3.    **ORDERS** all Defendants to respond to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

4.    **ORDERS** Plaintiff, after service has been affected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document

received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  August 18, 2023

HON. MICHAEL M. ANELLO
United States District Judge