1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 MATTHEW SCOTT TAYLOR, | Case No. 23-cv-0206-MMA (JLB) |

MATTHEW SCOTT TAYLOR,

Plaintiff,

v.

A. GONZALEZ, G. BUENAVENTURA,
D. TORRES,

Defendants.

Case No. 23-cv-0206-MMA (JLB)

**ORDER:**

**GRANTING MOTION TO DISMISS
DEFENDANT BUENAVENTURA;
AND**

**DENYING MOTION TO DISMISS
DEFENDANT GONZALEZ**

[Doc. No. 39]

On July 13, 2022, Matthew Scott Taylor ("Taylor" or "Plaintiff"), a state prisoner proceeding *pro se*, filed a Motion to Proceed in Forma Pauperis ("IFP") and a civil rights complaint pursuant 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. *See* Doc. No. 1. Plaintiff named the California Department of Corrections and Rehabilitation ("CDCR"), Correctional Sergeant A. Gonzalez, Correctional Counselor G. Buenaventura, Correctional Custody Staff Officer D. Torres, and Does 1 through 3 as Defendants. *Id.* The Court granted Plaintiff's IFP Motion and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Doc. No. 7. In its Screening Order, the Court dismissed Defendant CDCR, and directed the U.S. Marshals to serve the

Complaint on the remaining Defendants. *See* Doc. No. 7. The Court also advised Plaintiff that he would have to identify the Doe Defendants before the U.S. Marshal would be able to serve them. *Id.* at 7, fn. 2.

On August 3, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint ("FAC"). Doc. No. 18. The Court granted the motion and the FAC was filed on August 18, 2023. *See* Doc. Nos. 24–25. Plaintiff named only A. Gonzalez, D. Torres, and G. Buenaventura in his FAC and thus the other named Defendants were terminated. Doc. No. 25. Defendants Buenaventura and Gonzalez now move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 39. Plaintiff filed an opposition, to which Defendants replied. *See* Doc. Nos. 40, 43. Plaintiff then filed a sur-reply, Doc. No. 49, which the Court did not authorize but nonetheless accepted while noting the discrepancy, Doc. No. 50. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss the claims against Defendant Buenaventura and **DENIES** the Motion to Dismiss the claims against Defendant Gonzalez pursuant to Rule 12(b)(6).

## I. Background[1]

Plaintiff alleges Defendants Gonzalez and Torres were deliberately indifferent to his health and safety in violation of the Eighth Amendment when they moved an inmate they knew had threatened other inmates into his cell while he was incarcerated at R.J. Donovan Correctional Facility ("RJD"); the inmate later stabbed Plaintiff multiple times. Doc. No. 25. Specifically, Plaintiff states that on or about October 5, 2021, Defendant Gonzalez moved inmate Durr into his cell because Durr had made threats to his previous cellmate. *Id.* at 5. About two days after Durr was moved, Plaintiff tried to tell his Correctional Counselor, Defendant Buenaventura, about his fear of Durr and Durr's

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

threats to Plaintiff by attending Buenaventura's "open office hours." *Id.* at 10–11. Plaintiff "gestured that [he] needed to talk to her," but Buenaventura "shooed [him] away with her hands." *Id.* Plaintiff claims Defendant Buenaventura violated his Eighth Amendment rights when she refused to address his concerns about his cellmate. *Id.*

On or about October 8, 2021, Durr attacked Plaintiff with a manufactured weapon, stabbing him multiple times and sending him to an outside hospital to be treated. *Id.* According to Plaintiff, Defendant Torres did not stop Durr's attack even though it took place "in [Torres's] direct line of sight." *Id.* at 9. After the attack, another inmate, Jaime Jackson, heard Defendant Torres say "he knew [Durr] was a problem." *Id.* Plaintiff alleges Torres and Gonzalez knew Durr was dangerous and had made threats to his cellmate before he was moved into Plaintiff's cell and that Torres or Gonzalez failed to properly search Durr or his belongings for weapons before the move. *Id.* at 8.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court must also draw all reasonable inferences in favor of the Plaintiff. *Usher v.*

*City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).

## IV. DISCUSSION

"The Eighth Amendment requires prison officials to protect inmates from violence." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).  To rise to the level of an Eighth Amendment violation, a plaintiff must first show that the deprivation alleged is, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, a plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678.  "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076).  "Under this standard, the prison official

must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

**A.    Defendant Buenaventura**

In his Opposition to the Motion to Dismiss, Plaintiff concedes that he has failed to state an Eighth Amendment claim with respect to Defendant Buenaventura and asks the Court to dismiss Buenaventura as a defendant.  Doc. No. 40 at 1.  Accordingly, the Court **GRANTS** the Motion to Dismiss as to Defendant Buenaventura.

**B.    Defendant Gonzalez**

Defendant Gonzalez argues Plaintiff's FAC fails to state a claim against him because his allegations are too vague and conclusory.  Doc. No. 39-1 at 8–10.  The Court finds, however, that the FAC contains sufficient facts to plausibly allege Gonzalez knew housing Durr with Plaintiff "posed an excessive risk to [Plaintiff's] health and safety," and that he disregarded that risk.  *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678.  According to Plaintiff, Gonzalez knew Durr had a history of threatening cellmates with violence and, despite knowing this, Gonzalez housed Durr with Plaintiff.  Doc. No. 25 at 5.  Indeed, the reason Durr was rehoused with Plaintiff was *because* he had threatened his previous cell mate.  *Id.*  In addition, the fact that Durr stabbed Plaintiff only three days after Gonzalez moved Durr into Plaintiff's cell establishes it is more likely than not the threat Durr posed was either known or was obvious.  *Farmer*, 511 U.S. at 843 ("[A] prison official [cannot] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault."); *see*, *e.g.*, *Miles v. County of Alameda*, No. 22-cv-06707-WHO, 2023 WL 2766663, at *8 (N.D. Cal. April 3, 2023) (denying motion to dismiss where defendants knew inmate was mentally ill, had a violent history, and had attacked other inmates when they housed him with the decedent).

/ / /

Further, Plaintiff claims Gonzalez failed to properly search Durr's belongings for weapons before moving Durr into Plaintiff's cell and that Durr then stabbed Plaintiff with an inmate manufactured weapon three days after moving into Plaintiff's cell. *Id.* at 5–6. These facts are sufficient to plausibly suggest at this stage of the proceedings that despite being aware Durr was a dangerous inmate who had threatened his previous cellmates, Gonzalez failed to take reasonable measures to abate that risk by properly searching Durr's belongings for weapons before moving Durr into Plaintiff's cell. *See Farmer*, 511 U.S. at 847; *Armstead v. Fields*, 638 Fed. Appx. 601, 604 (9th Cir. 2016) (denying qualified immunity because "[b]y November 2009, it was clearly established in the Ninth Circuit that if any officer knew that an inmate was acting dangerously with cellmates, or that an inmate was a threat to his cellmate, but housed the two together anyway, doing so would violate the Eighth Amendment").

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss all claims against Defendant Buenaventura pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice.  The Court **DENIES** the Motion to Dismiss Plaintiff's Eighth Amendment claim with respect to Defendant Gonzalez pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants Gonzalez and Torres will serve and file an Answer to Plaintiff's Amended Complaint [Doc. No. 25] within the time set forth in Fed.R.Civ.P. 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated:  March 15, 2024

HON. MICHAEL M. ANELLO
United States District Judge